[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2244

FRONTIER FISHING CORPORATION,

Plaintiff, Appellant,

v.

NATIONAL MARINE FISHERIES SERVICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Lynch, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

Jeffrey T. Angley, with whom Phillips & Angley was on brief, for appellant.

John A. Bryson, Attorney, with whom Lois J. Schiffer, Assistant Attorney General, Charles R. Shockey, Attorney, and Gene S. Martin, Jr., Office of Regional Counsel, National Oceanographic and Atmospheric Administration, were on brief, for appellee.

**BOWNES, <u>Senior Circuit Judge</u>.** The plaintiff, Frontier Fishing Corporation ("Frontier"), brought suit in the United States District Court for the District of Massachusetts claiming that the action of the defendant, the National Marine Fisheries Service ("NMFS"), was arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, or without observance of its own procedure. The district court granted summary judgment in favor of the defendant and the plaintiff appeals. For the reasons set forth below, we find that the plaintiff's claim is without merit and we affirm the district court.

## I.  BACKGROUND

Frontier is the owner of the fishing vessel F/V Settler. The NMFS issues and regulates fishing permits pursuant to the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1801. The NMFS issued two permits to Frontier for the F/V Settler: a full-time limited access scallop permit and a full-time multispecies fleet-days-at-sea fishing permit. These permits were renewed annually from 1994 until 1997.

On May 28, 1997, Patricia A. Kurkul of the NMFS wrote a letter to Frontier explaining that the F/V Settler's "multispecies limited access permit was issued in error" because of amendments made to the NMFS' regulations which effectively precluded the F/V Settler from holding dual permits. The NMFS offered Frontier the option of choosing one of the two permits. The letter indicated that if Frontier did not make a choice, the NMFS would cancel the multispecies limited access permit.

On August 8, 1997, Frontier wrote a letter to Dr. Andrew Rosenberg, Regional Director of the NMFS, requesting reconsideration of the agency's determination that the issuance of both permits was an error. On September 9, 1997, Kurkul responded to Frontier's letter to Rosenberg. In essence, this letter informed Frontier that the agency's decision to terminate one of the permits would stand, but Frontier would have the right to present its claim to a hearing officer for further review. The letter concluded: "A NMFS Hearing Officer will contact you so that you may present evidence that your vessel used a scallop dredge and a multispecies otter trawl in 1988, 1989 or 1990."[1]

---

[1] This would enable the F/V Settler to hold both permits simultaneously because it would be classified as a "combination vessel." See 50 C.F.R. § 648.2 (1997).

Joel G. MacDonald, Regional Counsel for the NMFS, was selected to serve as the hearing officer. Frontier made a written submission to him and submitted documentary evidence. On January 12, 1998, MacDonald prepared a written recommendation for the regional director which was favorable to Frontier: he recommended that the F/V Settler be given a dual permit, finding that it met the criteria for a combination vessel permit. Regional Director Rosenberg noted on MacDonald's recommendation that he did not concur. Frontier did not receive a copy of MacDonald's recommendation.

On March 23, 1998, Rosenberg wrote to Frontier indicating that he had not yet reached a final decision, but that he did not expect to grant its request. Rosenberg offered various other options to Frontier and indicated that Frontier had thirty days to select one of the options. Frontier, however, persisted that it be granted combination status. On May 6, 1998, Rosenberg issued his final decision. He denied Frontier's appeal, and determined that the F/V Settler did not meet the criteria for a combination vessel permit. He found that the vessel was eligible only for a full-time scallop permit.

Frontier sought judicial review in the district court, alleging that the NMFS did not follow its own appeal procedure

and that the issuance of only one permit "was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with the law." Both parties moved for summary judgment. The district court found that "Frontier's claim that NMFS failed to comply substantially with [its] procedure for review of permit denials is without merit." (Footnote omitted). In a well-reasoned decision, the district court entered judgment in favor of the NMFS, holding that "[n]o substantial error in the process is apparent, and there is consequently no basis for overturning the agency's lawfully arrived at determination." Frontier now appeals the district court's decision, and persists with its claim that the agency failed to follow its own appeal procedure.

## II. DISCUSSION

We review the grant of summary judgment de novo. Assoc. Fisheries of Maine, Inc. v. Daley, 127 F.3d 104, 109 (1st Cir. 1997). In reviewing an agency's determination, we apply the same standards as the district court. Id. We give great deference to the agency and cannot substitute our judgment for that of the agency, even if we disagree. Id. In fact, we can only set aside an agency's action if it is "arbitrary, capricious, or otherwise contrary to law." Id. (citing 5 U.S.C. § 706(2)(A)-(D)).

Frontier argues that the NMFS did not follow its own appeal procedure[2] and, therefore, its action was arbitrary, capricious and contrary to law.  The appeal procedure is set forth in 50 C.F.R. § 648.4(a)(1)(H)(2) (1997):

> The Regional Administrator will appoint a designee who will make the initial decision on the appeal.  The appellant may request review of the initial decision by the Regional Administrator by so requesting in writing within 30 days of the notice of the initial decision.  If the appellant does not request a review of the initial decision within 30 days, the initial decision shall become the final administrative action of the Department of Commerce.  Such review will be conducted by a hearing officer appointed by the Regional Administrator. The hearing officer shall make findings and a recommendation to the Regional Administrator [whi]ch shall be advisory

---

[2]    The right to appeal the denial of a permit is created by 50 C.F.R. § 648.4(a)(1)(H)(1) (1997):

> Any applicant eligible to apply for an initial limited access multispecies hook-gear permit who is denied such permit may appeal the denial to the Regional Administrator within 30 days of the notice of denial. Any such appeal must be based on one or more of the following grounds, must be in writing, and must state the grounds for the appeal:
>     (i)    The information used by the Regional Administrator was based on mistaken or incorrect data.
>     (ii) The applicant was prevented by circumstances beyond his/her control from meeting relevant criteria.
>     (iii)    The applicant has new or additional information.

only. Upon receiving the findings and a recommendation, the Regional Administrator will issue a final decision on the appeal. The Regional Administrator's decision is the final administrative action of the Department of Commerce.

Frontier claims that the NMFS failed to substantially comply with this procedure. This argument is without merit.

Frontier mischaracterizes the "initial decision" as the recommendation of the hearing officer and argues that because Frontier was satisfied with that "decision," and did not appeal it further, that "decision" became the final agency action. Frontier makes much of the fact that it never received a copy of MacDonald's report. Frontier, however, was not entitled to it. The recommendation of MacDonald was an internal memorandum written to Regional Director Rosenberg. In fact, the NMFS denied Frontier's request for that document on the grounds that it fell within an exemption to the Freedom of Information Act ("FOIA"). See 5 U.S.C. § 552(b)(5).[3] MacDonald, as the

---

[3] Frontier, pursuant to the FOIA, requested "[a]ll decisions and/or recommendations made by Joel MacDonald, Esquire, hearing officer for the National Marine Fisheries Service related to the appeal by the Frontier Fishing Corporation of the limited access multispecies and scallop combination status for the F/V Settler." The NMFS denied the request by letter to plaintiff's counsel, and stated, in pertinent part:

This information is protected from disclosure under 5 U.S.C. § 552(b)(5). This FOIA exemption protects predecisional

-7-

appointed hearing officer, did exactly what was specified by the regulation: he made "findings and a recommendation to the Regional Administrator." This recommendation was advisory only; it was not a "decision" of the agency.

A proper characterization of the appeal procedure used by the agency is as follows: The sequence of events began on May 28, 1997, when Kurkal, on behalf of the NMFS, wrote a letter to Frontier indicating that the F/V Settler's "multispecies limited access permit was issued in error" and it could no longer hold two permits simultaneously. The NMFS invited Frontier to choose which permit (scallop or multispecies) it wished to hold. The letter concluded that if no selection was made within thirty days, the NMFS would cancel the limited access multispecies permit. This letter, in effect, served as the denial of the dual permits.

---

documents that are part of the deliberative process. This deliberative process privilege is intended to prevent injury to the quality of agency decision making. Mr. MacDonald's recommendation to the Regional Administrator regarding the disposition of the appeal involving the F/V Settler was made as part of the deliberative process outlined in 50 C.F.R. § 648.4 and was formulated prior to the agency's decision on this appeal. Thus, it falls within this exemption.

Frontier was unsatisfied with this "denial" of the dual permits and initiated the appeal process. Frontier wrote a letter to the Regional Director of the NMFS on August 8, 1997, and requested review of that decision. Kurkal, on behalf of the NMFS, responded to Frontier. This was the "initial decision" made by a "designee" of the Regional Administrator. The letter begins: "This responds to your recent letter to Dr. Rosenberg [the Regional Administrator] concerning your limited access multispecies permit." The logical inference is that Kurkul was writing as the "designee" of the Regional Administrator. She indicated that she reviewed the record, but reached the same result. This "initial decision on the appeal" made by a "designee" of the Regional Administrator concluded: "A NMFS Hearing Officer will contact you so that you may present evidence [to bolster your claim]."

Following the language of the regulations, the appeal process continued: Frontier requested review of the initial decision of the agency. Review was conducted by hearing officer MacDonald. He made findings and a recommendation to the Regional Administrator. The memorandum was advisory only and could not be characterized as a "decision" of the agency.

Upon receiving the findings and recommendation of the hearing officer, the Regional Administrator issued a final

decision on the appeal. He disagreed with the recommendation of the hearing officer, as was within his discretion, and denied Frontier's appeal. This decision became the final administrative action of the Department of Commerce.

## III. CONCLUSION

We hold that the NMFS did follow its own appeal procedure. We find no error in the process used by the NMFS and hold that its decision was in accordance with law, and was not arbitrary, capricious, or an abuse of discretion. Therefore, we find no reason to set aside the agency's decision and hold that the district court's decision is **affirmed. No costs to either party.**